UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
CAROL B. ROWE, individually and as  )
executrix for the Estate of Arthur Rowe, )
                                    )
      **Plaintiff,**           )
                                    )
      v.                      )    Civil Action No.
                                    )    18-10582-FDS
SETERUS, INC.,                      )
HSBC MORTGAGE CORPORATION, and      )
FEDERAL NATIONAL MORTGAGE           )
ASSOCIATION,                        )
                                    )
      **Defendants.**          )
_____)

## ORDER OF DISMISSAL

**SAYLOR, J.**

As the Court ruled in prior actions brought by plaintiff based upon substantially the same facts, Carol B. Rowe as executrix for the Estate of Arthur Rowe cannot represent the estate *pro se,* and the estate cannot proceed *pro se* or *in forma pauperis. See Rowe v. Seterus, Inc. et al.,* 16-cv-11849-FDS; *Rowe v. Seterus, Inc. et al.,* 17-12537-FDS. "Although 28 U.S.C. § 1654 permits persons to proceed *pro se,* this provision does not allow unlicensed lay people to represent other *pro se* litigants." *Cohen v. Attorney Gen. of Massachusetts*, No. CA 11-11500-NMG, 2011 WL 5008088, at *7 (D. Mass. Oct. 18, 2011) (*citing Feliciano v. DuBois,* 846 F. Supp. 1033, 1039 (D. Mass. 1994); *Eagle Assocs. v. Bank of Montreal,* 926 F.2d 1305, 1308 (2d Cir. 1991)). *See also* Local Rule 83.5.5(c) ("A[n] estate . . . may not appear pro se . . . . An . . . executor may not appear on behalf of an entity . . . ."). And because an estate is not a natural person, it cannot proceed *in forma pauperis* under 28 U.S.C. § 1915. *See Gray v. Martinez*, 352 F. App'x 656, 658 (3d Cir. 2009) (citing *Rowland v. California Men's Colony,* 506

U.S. 194, 196 (1993); *see also In re Estate of Van Putten*, 553 F. App'x 328 (4th Cir. 2014). The estate has been provided multiple opportunities in recent past actions to have counsel appear on its behalf, but failed to do so. Accordingly, to the extent that Carol Rowe is acting as executrix for the Estate of Arthur Rowe, the complaint is DISMISSED.

To the extent that Carol Rowe is proceeding individually, her request for leave to proceed *in forma pauperis* is hereby ALLOWED pursuant to 28 U.S.C. §1915(a). Because plaintiff is proceeding *in forma pauperis*, the complaint is subject to screening. *See* 28 U.S.C. § 1915(e). Under this statute, the court must dismiss actions if, among other things, it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). In conducting that review, a court must liberally construe the complaint because plaintiff is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Even read generously, the complaint does not allege plausible facts sufficient to state a claim for relief. Plaintiff's entire action is premised upon a purported Bank Owned Life Insurance ("BOLI") policy that was supposed to have paid off a mortgage that, in turn, would have staved off foreclosure of a certain property owned by her son. In Rowe's prior action before this Court (*Rowe v. Seterus et al.*, 16-11849-FDS), alleging similar facts, a defendant (not a party to this action) moved for dismissal on among other grounds that the existence and operation of such a policy was not plausibly alleged:

> [I]f there had been a BOLI policy on Mr. Rowe's life, then when he died the proceeds would have gone to the bank-owner of the policy. Moreover, even if, hypothetically, there were some unusual type of BOLI policy that provided money to Mr. Rowe's estate, it is not plausible that such a policy would have contained a provision requiring the insurance company to pay off his mortgage. In addition, the foreclosure sale took place about 4 and ½ years after Mr. Rowe died. If there ever were a magic policy (BOLI or otherwise) that paid off Mr. Rowe's mortgage loan when he died, then surely it would have surfaced before the sale—or by now. The dearth of any evidence of any such policy, or of any payment of the mortgage balance under it, suggests that there never was such a

2

policy or such a payment. Thus, there is nothing that plausibly supports Ms.
Rowe's theory of the case.

See Rowe v. Seterus et al., 16-11849-FDS, ECF No. 16, p. 8. Rowe notably did not respond to the motion.[1] Nor has she identified any actual policy, or any specific insurer that allegedly issued such a policy.

Here, on this record, presuming plaintiff even has standing, there are no plausibly pleaded facts supporting Rowe's claim other than conclusory statements concerning the existence of, and obligations under, an insurance policy. In fact, Rowe claims in her motion to amend the complaint, that "defendants have been making false statements to [Rowe] and the attorney general's office about this insurance, claiming that no such policy was ever taken, even though it is a standard business practice and in some instances, required by regulations that lenders have insurance for their assets (e.g. mortgage receivables)." ECF No. 2, p. 1. Rowe's speculation, over multiple lawsuits, is apparently based upon nothing more than the possible existence of a business practice or unidentified regulation—far short of a well-pleaded factual allegation—and not upon allegations grounded in fact. Her allegation that some sort of policy could have existed is insufficient. Accordingly, the action is hereby DISMISSED. Her motion to amend the complaint is DENIED as moot.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
Dated: July 18, 2018                          United States District Judge

---

[1] This Court allowed the motion on other grounds relating to the Fair Debt Collection Practices Act; those claims are not alleged here. Rowe thereafter voluntarily dismissed that action against the remaining defendants on December 21, 2017, and filed the second action.